IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cr-30016-2 |
| ) | |
| **MALCOLM TREZVANT,** ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Malcolm Trezvant's Amended Motion for Compassionate Release (d/e 127) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On April 4, 2018, Trezvant and Dominic Hood were charged in a one-count Indictment. Count One of the Indictment charged that Trezvant and Hood, aiding and abetting each other, distributed five or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). Hood pled guilty on May 24, 2018. Trezvant proceeded to trial.

On December 5, 2018, a jury found Trezvant guilty of the offense charged in Count One of the Indictment. On April 5, 2019, the Court sentenced Trezvant to 72 months' imprisonment and 4 years of supervised release. Trezvant is currently serving his sentence at FCI Forrest City Low and has a projected release date of March 23, 2023.

As of September 1, 2020, the Bureau of Prisons (BOP) reports that FCI Forrest City Low currently has 10 confirmed cases of COVID-19. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed September 1, 2020). The BOP also reports that an additional 670 individuals at FCI Forrest City Low who contracted COVID-19 have recovered. Id.

On June 22, 2020, Trezvant filed a pro se motion for compassionate release (d/e 123) pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 1, 2020, following the appointment of defense counsel, an Amended Motion for Compassionate Release was filed. Trezvant requests compassionate release based on his health issues—obesity and a nodule in his right lung—and the COVID-19 pandemic. Trezvant underwent a CT scan in June 2020 to examine the nodule in his lung.

Trezvant's medical records indicate that he stands 5 feet, 8 inches tall, weighs 248 pounds, and tested positive for COVID-19 on April 14, 2020. Trezvant's request to the warden of FCI Forrest City Low for compassionate release was denied in a letter dated June 3, 2020.

Trezvant intends to live with his father in Kansas City, Missouri, if he is released from custody. The United States Probation Office for the Western District of Missouri investigated Trezvant's proposed release plan and indicated its willingness to supervise Trezvant if he were released. However, the probation officer who investigated the release plan raised concerns with the criminal histories of Trezvant's father and cousin, the latter of whom was discovered to be living with Trezvant's father when the probation officer visited the residence.

On July 9, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 134). The Government argues that Trezvant's motion should be denied because he has already contracted, and recovered from, COVID-19. The Government also notes that the number of inmates at FCI Forrest City Low who have COVID-19 has decreased significantly

and that the BOP has implemented extensive procedures designed to minimize the transmission of COVID-19 inside BOP facilities. Medical records filed by the Government indicate that Trezvant was diagnosed with pneumonia based on the results of the June 2020 CT scan.

On August 5, 2020, the Court held a hearing on Trezvant's Amended Motion for Compassionate Release via video conference. At the hearing, the Government conceded that Trezvant's obesity constitutes a compelling and extraordinary reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). However, the Government opposed Trezvant's request for compassionate release based on the factors set forth in 18 U.S.C. § 3553(a) and the danger that Trezvant poses to the community if released from BOP custody.

Trezvant indicated that he is experiencing pain and a cough due to his pneumonia and that he had been tested for COVID-19 on August 4, 2020, so that he could visit a pulmonologist. Trezvant was unsure of the results of the COVID-19 test, but he assumed that he had tested negative, as he would not be allowed to visit the pulmonologist had he tested positive for COVID-19. The Court continued the hearing so that the Government could obtain the

medical records from Trezvant's visit to the pulmonologist.

The records from that visit indicate that the pulmonologist wanted to review the results of Trezvant's June 2020 CT scan and planned to have Trezvant undergo certain tests and return for a follow-up appointment.  Because of the COVID-19 pandemic, Trezvant is not currently scheduled to undergo the tests ordered by the pulmonologist.  Trezvant is, however, scheduled to attend his follow-up appointment with the pulmonologist in October 2020.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Trezvant is obese, with a current body mass index (BMI) of 37.7.  Obesity increases the risk that a person will suffer severe complications from COVID-19.  See Certain Medical Conditions and

Risk for Severe COVID-19 Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed September 1, 2020).  The Government concedes that, given the COVID-19 pandemic, Trezvant's obesity constitutes an extraordinary and compelling reason that can serve as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

However, having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a reduction in Trezvant's term of imprisonment is not warranted.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living or working in a prison.

But Trezvant tested positive in April 2020 for COVID-19 and did not suffer from severe complications.  And the BOP has implemented comprehensive procedures that have drastically lowered the numbers of inmates at FCI Forrest City Low that have

COVID-19.  Further, the Court finds Trezvant's release plan to be inadequate, as both Trezvant's father and cousin have extensive criminal histories.  The Court, taking all the relevant facts into account, finds that Trezvant has not established that a reduction in his term of imprisonment is warranted.

### III. CONCLUSION

For the reasons set forth above, Defendant Malcolm Trezvant's Amended Motion for Compassionate Release (d/e 127) and Trezvant's pro se motion for compassionate release (d/e 123) are DENIED.  This ruling does not preclude Trezvant from filing another motion for compassionate release in the future if circumstances change.

ENTER:  September 4, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE