UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CR-30016 |
| | ) |
| MALCOLM TREZVANT, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

COMES NOW the United States of America, by Gregory M. Gilmore, Criminal Division Chief for the Central District of Illinois, and Assistant United States Attorney, Matthew Z. Weir, and hereby files its response in opposition to Petitioner Malcolm Trezvant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (d/e 117) For the reasons set forth below, the motion should be denied in part with an evidentiary hearing set for the remaining claim.

## **BACKGROUND**

1. On April 4, 2018, the government filed a one-count Indictment charging Malcolm Trezvant (hereinafter "petitioner") with aiding and abetting the distribution of five grams or more of methamphetamine actual.

2. On December 5, 2018, a jury found the petitioner guilty after trial.

3. Petitioner timely filed a motion under 21 U.S.C. § 2255 alleging ineffective assistance of counsel on three grounds. (d/e 117) First, petitioner alleges that trial counsel was ineffective for failing to file an appeal when petitioner claims he specifically requested that trial counsel do so. Second, petitioner alleges that his trial counsel was ineffective for failing to object to relevant conduct included in the pre-sentencing report (hereinafter "PSR") which impacted his guideline range. Third, the petitioner alleges trial counsel was ineffective for failing to object to a two-point enhancement in the PSR for obstruction of justice.

4. The first grounds raised by petitioner cannot be determined without an evidentiary hearing on the matter. The

second two grounds raised by petitioner should be denied without a hearing because he cannot prevail on the claims on their face.

## ANALYSIS

Petitioner first claims that he received ineffective assistance of counsel from trial counsel when trial counsel failed to file an appeal despite the fact petitioner claims to have directed trial counsel to do so. As the Court is aware, failure by trial counsel to file an appeal when directed to do so is now *per se* ineffective assistance of counsel, regardless of the likely outcome of the appeal. *Garza v. Idaho*, 139 S. Ct. 138, 139 (2019). The Court in this case granted the government's motion to set aside the attorney client privilege between petitioner and trial counsel but denied a request for an affidavit from former trial counsel August Appleton. As such, the government cannot respond to petitioner's claim that trial counsel failed to file an appeal despite petitioner's direct request that trial counsel do so. As noted in the Court's order, trial counsel will have to offer testimony for this claim to be addressed.

Petitioner further claims that he received ineffective assistance of counsel from trial counsel when trial counsel failed to object to relevant conduct and a two-point enhancement for obstructing

justice at sentencing. Petitioner argues that trial counsel was ineffective when he failed to challenge the addition of 26 grams of methamphetamine in the PSR as relevant conduct, which resulted in a higher base offense level and therefore a higher guideline range at sentencing. The defendant offers no argument or evidence in support of this assertion. Similarly, the defendant also argues that trial counsel was ineffective for failing to object to a two-point enhancement in the PSR for obstructing justice, based on the fact the defendant testified falsely at his trial, without offering any supporting argument or evidence.

To succeed on a claim of ineffective assistance of counsel, the petitioner must show (1) that counsel's performance was deficient, and (2) that trial counsel's deficient performance prejudiced h[im]. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). If the petitioner fails on either the performance prong or the prejudice prong, then h[is] claim fails. *Id.*

The petitioner bears the burden of proof in proving a claim of ineffective assistance of counsel. *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991). "Conclusory allegations of ineffective assistance are insufficient to satisfy a defendant's burden of

showing cause." *Id.* Further, trial counsel does not provide ineffective assistance by failing to pursue arguments that are clearly destined to fail. *Id.*

Here, petitioner's final two allegations of ineffective assistance of counsel are no more than the type of conclusory, unsupported claims that are insufficient to meet the burden of proof. Petitioner does not provide any information to support his allegations or to support his assertion that trial counsel should, or even could, have objected. In fact, trial counsel successfully challenged the relevant conduct the petitioner was responsible for in the PSR resulting in lowering the amount of methamphetamine the petitioner was held responsible for from 248.85 grams to 56.6 grams. Further, the petitioner's allegation that trial counsel was ineffective for failing to object to the two-point enhancement for obstructing justice is directly contrary to case law. *See United States v. Godinez*, 110 F.3d 448, 456 (7th Cir. 1997)(Two-point enhancement for obstructing justice proper where defendant testified falsely at his own trial.) As previously noted, trial counsel was not required to make unreasonable objections at sentencing.

## **CONCLUSION**

For the reasons stated herein, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 117) should be denied in part with a hearing set solely for the issue of appeal.

        Respectfully submitted,

        Gregory M. Gilmore
        ATTORNEY FOR THE UNITED
        STATES, Acting under Authority
        Conferred by 28 U.S.C. § 515

        */s/ Matthew Z. Weir*
        Matthew Z. Weir, IL Bar No. 6304257
        Assistant United States Attorney
        U.S. Attorney's Office
        318 South 6th Street
        Springfield, IL  62701
        Telephone: 217/492-4450
        Email: Matthew.Weir@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2021, I caused the government's response to be filed with the Clerk of the Court using the CM/ECF system. I further certify that on this same date, I caused a copy of the foregoing to be placed in the United States Mail, First Class and postage prepaid, addressed to:

Malcolm Trezvant, #22422-026
FBI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336

                                              */s/ Matthew Z. Weir*
                                              Matthew Z. Weir
                                              Assistant United States Attorney