UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MALCOLM TREZVANT, | ) |
| Petitioner-Defendant, | ) |
| v. | ) Case No. 18-cr-30016 |
| UNITED STATES OF AMERICA, | ) |
| Respondent-Plaintiff. | ) |

### ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Malcolm Trezvant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 117), and Petitioner's letter motion (d/e 179), which requests that any evidentiary hearing be held via video or teleconferencing.  For the reasons below, the Court schedules an evidentiary hearing on Petitioner's claim that trial counsel failed to file an appeal after being directed to do so.  The Court GRANTS Petitioner's motion (d/e 179) to conduct the evidentiary hearing via videoconferencing.  The Court DENIES Petitioner's other grounds for relief raised in his § 2255 Motion (d/e 117).

# I. BACKGROUND

On December 5, 2018, a jury found Petitioner guilty of aiding and abetting the distribution of five grams or more of methamphetamine actual in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2(a).  See Jury Verdict (d/e 86); Indictment (d/e 1).  On April 5, 2019, this Court sentenced Petitioner to 72 months' imprisonment and a four-year term of supervised release. See Judgment (d/e 103).  Petitioner did not appeal.

Petitioner timely filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (d/e 117) on March 11, 2020.  The Government filed a response on April 22, 2021 (d/e 178).  Petitioner did not file a reply, but did file a motion (d/e 179) requesting that any evidentiary hearing be conducted via video or teleconferencing so as to not impede his participation in the Bureau of Prison's Residential Drug Abuse Program.

# II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence

was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

Petitioner raises a claim of ineffective assistance of counsel. "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." Galbraith v. United States, 313 F.3d 1001, 1007 (7th Cir. 2002).  The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 684-86 (1984).  Under Strickland's familiar two-part test, Mr. Nelson must show both that his attorney's performance was deficient and that he was prejudiced as a result.  Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015).  Courts, however,

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### III. DISCUSSION

In his § 2255 Motion, Petitioner alleges three grounds of ineffective assistance of counsel: (1) that trial counsel was ineffective for failing to file an appeal after Petitioner requested that trial counsel do so; (2) that trial counsel was ineffective for failing to object to the drug quantity finding in his presentence investigation report (PSR), which impacted his guideline range; and (3) that trial counsel was ineffective for failing to object to a two-point enhancement in the PSR for obstruction of justice.

The Government argues that an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) is needed to resolve Petitioner's claim that counsel was ineffective for failing to file an appeal after Petitioner directed him to do so. "A hearing is required unless the record conclusively shows that the movant is not entitled to relief." Hicks

v. United States, 886 F.3d 648, 650 (7th Cir. 2018); 28 U.S.C. § 2255(b).  When considering whether the record conclusively shows that the movant is not entitled to relief, "district courts may not discount a petitioner's declarations simply because they may be self-serving."  Sawyer v. United States, 874 F.3d 276, 279 (7th Cir. 2017) (citing Hill v. Tangherlini, 724 F.3d 965, 967 (7th Cir. 2013); Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003)).

Here, Petitioner alleges that he directed trial counsel to file an appeal both before and after sentencing, and attaches copies of letters he alleges he sent to counsel requesting that an appeal be filed.  As the Supreme Court has held, trial counsel's failure to file an appeal when directed to do so by a defendant is per se ineffective assistance of counsel, regardless of the likely outcome of the appeal. Garza v. Idaho, 139 S. Ct. 138, 139 (2019).  Accordingly, the Court finds that an evidentiary hearing is required to determine whether Petitioner's factual allegations are true.

Petitioner's two other claims of ineffective assistance of counsel, however, are without merit.  Petitioner claims that trial counsel should have objected to the PSR's inclusion of an additional 26 grams of methamphetamine as relevant conduct for determining

the applicable drug quantity. Petitioner does not articulate which 26 grams of methamphetamine he believes should have been excluded from his relevant conduct. Notably, at the sentencing hearing, trial counsel did object to the drug quantity finding in the PSR. The Court agreed, and lowered the drug quantity to which Petitioner was held accountable from 248.85 grams to 56.6 grams of Ice methamphetamine. See PSR, amended by interlineation, ¶21 (d/e 102). Petitioner has not provided any explanation as to why this drug quantity finding was incorrect or what his trial counsel could have argued to further reduce the drug quantity finding. The Court finds that Petitioner has not shown that trial counsel's conduct was deficient or prejudicial for not make any additional objections as to drug quantity.

     Petitioner also argues that trial counsel should have objected to the application of the obstruction of justice enhancement under § 3C1.1 of the advisory Sentencing Guidelines, which added two-points to his total offense level. See PSR, amended by interlineation, ¶25 (d/e 102). Petitioner does not advance any argument as to what legal basis his trial counsel would have had to object to this enhancement. In his memorandum of law, Petitioner

summarizes the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).  See Memo of Law at 5-6 (d/e 117-1).  Blakely held that a state court could not sentence a defendant to more than three years above the statutory maximum based on the sentencing judge's finding that defendant acted with deliberate cruelty because it violated the Sixth Amendment's right to a trial by jury.  Id.  Blakely does not have any obvious relevance to Petitioner's case, and Petitioner has not explained how he believes it relates to his claim.  As the Government notes, there was ample basis for applying the two-point enhancement for obstruction of justice based on Petitioner's false testimony at trial.  See United States v. Godinez, 110 F.3d 448, 456 (7th Cir. 1997) (holding that a two-point enhancement for obstructing justice is proper where defendant testified falsely at his own trial).  Trial counsel was not ineffective for failing to make unreasonable objections at sentencing.  The Court, therefore, finds that Petitioner's second and third grounds of ineffective assistance of counsel in his § 2255 Motion are meritless and must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court will hold an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) regarding Petitioner Malcolm Trezvant's claim that counsel was ineffective for failing to file an appeal after Petitioner directed him to do so.  The Court GRANTS Petitioner's Motion (d/e 179) and will hold the hearing via videoconferencing.  This case is set for an evidentiary hearing to be conducted by videoconferencing on November 8, 2021, at 10:00 a.m., before Judge Sue E. Myerscough, Courtroom 1, Springfield, Illinois.  Instructions for the videoconference are attached.  Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Court, the Court will appoint counsel to represent Petitioner at this hearing.

The Court DENIES Petitioner's other claims of ineffective assistance of counsel raised in his § 2255 motion (d/e 117).

ENTERED on this 29th day of July 2021.

*/s/ Sue E. Myerscough*
Sue E. Myerscough
United States District Judge
